IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 29, 2005 Session

## STATE OF TENNESSEE v. ROBERT LEE ROBERTS

**Appeal from the Criminal Court for Sullivan County**
**No. S47,761     Phyllis H. Miller, Judge**

---

**No. E2005-00964-CCA-R3-CD Filed January 6, 2006**

---

A Sullivan County Criminal Court jury convicted the defendant, Robert Lee Roberts, of driving under the influence (DUI), and the trial court sentenced him to eleven months and twenty-nine days, suspending all but six months of the sentence. On appeal, the defendant contends the evidence is insufficient. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Leslie W. Bailey, Jr., Kingsport, Tennessee, for the appellant, Robert Lee Roberts.

Paul G. Summers, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Ricky A.W. Curtis, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's driving and wrecking his car. At the trial, Kingsport Police Department Officer Terry Christian testified that in the early morning hours of July 22, 2001, he was dispatched to the scene of an accident on West Stone Drive in Kingsport. Officer Christian said that when he arrived at the scene, the defendant was on the side of the road, bleeding from his head. Officer Christian said he could not immediately see the defendant's car because it was off the side of the road behind trees and shrubbery. Officer Christian said that the defendant had a strong odor of alcohol about him and that his speech was slurred as he was talking to the emergency medical personnel on the scene.

Officer Christian testified that he located the defendant's car and that no other person was found in the area. Officer Christian said that the defendant was transported to the hospital and that he followed shortly thereafter. Officer Christian said he talked to the defendant at the hospital. He

said the defendant told him that the last thing he remembered was "leaving the Pub." He said the defendant admitted driving the car. He said that he asked the defendant to consent to a blood test and that the defendant consented. He said the test reflected the defendant had a blood alcohol level of .23%. On cross-examination, Officer Christian acknowledged that his report of the incident failed to indicate that the defendant confessed to driving the car.

Steve Whitehead testified that on July 22, 2001, he was employed as a paramedic by the Sullivan County Emergency Medical Service. He said he responded to the scene of an accident and found the defendant bleeding from the head. He said he placed the defendant in the ambulance and provided him medical care. He said he talked to the defendant in an attempt to determine the source and extent of the defendant's injuries. He said the defendant told him he had wrecked his car. He said the defendant never indicated anyone else was driving the car.

The defendant testified that early in the evening of July 21, 2001, he went to Nancy's Bar and Grill in Kingsport. He said that during the course of the evening, he drank about six beers before leaving and walking up the street about seventy-five yards to the Nickelodeon Pub, where he drank two more beers. The defendant said he did not remember anything after ordering the beers at Nickelodeon Pub until he awoke in the hospital. He said that after he was discharged from the hospital, he found his car, which had been towed. He said the right passenger-side window of his car was completely broken out but the windshield only had a small crack in it. He said there was nothing wrong with the driver's side window. The defendant said that although he could not remember, he believed that someone else was driving his car. On cross-examination, the defendant said he did not remember talking with Officer Christian or Mr. Whitehead at the scene of the accident. The defendant also said he did not remember consenting to have his blood tested while at the hospital. The defendant said that although a medical report indicated that he was alert and spoke with doctors, he did not remember doing so.

Nina Way testified that in the early morning hours of July 22, 2001, she went to the Waffle House on Stone Drive in Kingsport. She said she saw the defendant seated in the passenger seat of a car, drinking a beer. She said another man was driving the car as the defendant commented to her, "I'm hungry too." She said she responded, "I believe you need some black coffee." She said the driver of the car quipped, "I believe [the defendant] needs a whole pot of it." Ms. Way testified that she got into her car and left and that she happened to be following the car the defendant was riding in when she saw him throw a can out the passenger-side window. She said that shortly thereafter, she turned onto another road and drove home.

The jury convicted the defendant of DUI. On appeal, the defendant contends the evidence is insufficient because the defendant's confession was uncorroborated. He claims that the state failed to establish the corpus delicti of the crime; namely, the fact that he was driving the car. The state contends the evidence is sufficient. We agree with the state.

Our standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u>

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence; rather, we presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

Corpus delicti means "the body of the crime." State v. Shepherd, 862 S.W.2d 557, 564 (Tenn. Crim. App. 1992). The two elements necessary to prove the corpus delicti are "(1) that a certain result has been produced, for example, a man has died or a building has been burned, and (2) some person is criminally responsible for the act." Wooten v. State, 203 Tenn. 473, 481, 314 S.W.2d 1, 5 (1958). Our supreme court has held that:

> [W]hile the corpus delicti cannot be established by confessions alone, yet the confessions may be taken in connection with other evidence, direct or circumstantial, corroborating them, and, if from all of the evidence so considered together the corpus delicti and the guilt of the person with reference thereto is established beyond a reasonable doubt, it is the duty of the jury to convict.

Ashby v. State, 124 Tenn. 684, 697-98, 139 S.W. 872, 875 (1911).

In State v. Jesse R. Scruggs, No. M2001-00518-CCA-R3-CD, Williamson County, slip op. (Tenn. Crim. App. April 30, 2002), app. denied (Tenn. Oct. 7, 2002), a Williamson County deputy responded to the scene of an accident and found a car registered to Martha and Robert Scruggs. Although the deputy could not find anyone at the scene, another deputy found the defendant placing a telephone call from a convenience store and detained him. Thereafter, the defendant, who was intoxicated, admitted to driving and wrecking his car. Scruggs, slip op. at 2. This court held the evidence was sufficient because the state had proven the corpus delicti, stating,

> [T]he defendant was located, only minutes after the wreck was reported, using a payphone one to two hundred yards from the scene of the accident. In addition, he appeared to be intoxicated. The defendant admitted that he had been in an accident nearby. . . . Such evidence tends to connect the defendant with the offense and is, therefore, sufficient to corroborate his confession.

Id., slip op. at 4. We conclude that the defendant's presence on the side of the road next to his car in an intoxicated state was sufficient to corroborate his confession and establish the corpus delicti of the crime of DUI. The evidence is sufficient, and the defendant is not entitled to relief.

_____
JOSEPH M. TIPTON, JUDGE